## Case No. 951.

### BANK OF WASHINGTON v. NEALE.

[4 Cranch, C. C. 627.] [1]

Circuit Court, District of Columbia. Nov. Term, 1835.

ASSUMPSIT — MONEY PAID ON JUDGMENT SINCE REVERSED—LIMITATIONS OF ACTIONS.

The cause of action to recover back money paid upon a judgment reversed for error, arises upon the reversal, although the appellate court, at the time of reversal, orders a venire de novo to be issued by the inferior court, and the cause is still there pending; and the limitation of the statute begins to run from the time of such reversal.

[See Bank of Washington v. Bank of U. S., Case No. 947.]

At law. This was an action for money had and received, to recover back money paid upon a judgment afterwards reversed for error. In May, 1824, Triplett & Neale, of Alexandria, District of Columbia, recovered judgment against the Bank of Washington, in the circuit court of the District of Columbia, sitting in Alexandria county, (the cause having been removed to that county, from Washington county,) for negligence in not collecting the amount of an inland bill of exchange deposited in that bank for collection. The bank paid the amount of the judgment to the agent of the Bank of the United States, upon the order of Mr. Neale, the acting partner of the firm of Triplett & Neale; and the Bank of the United States placed the amount to the credit of Mr. Neale. When the Bank of Washington paid the money, the cashier gave notice to the agent of the Bank of the United States, who received it, that the Bank of Washington would take out a writ of error to reverse the judgment, and that the Bank of the United States would be expected to refund the money, in case of a reversal. The Bank of Washington accordingly brought their writ of error, and the supreme court of the United States reversed the judgment at January term, 1828, and remanded the cause to the circuit court, with an order to issue a venire de novo. [Bank of Washington v. Triplett,] 1 Pet. [26 U. S.] 25. On the 12th of January, 1830, the Bank of Washington brought an action against the Bank of the United States, to recover back the money paid on the erroneous judgment, and on the 24th of October, 1830, recovered judgment in the circuit court, [Bank of Washington v. Bank of U. S., Case No. 947,] which judgment also was reversed by the supreme court of the United States, at January term, 1832, and judgment ordered to be entered for the defendant, in the court below. [Bank of U. S. v. Bank of Washington,] 6 Pet. [31 U. S.] 8. The original suit of Triplett & Neale v. The Bank of Washington, which was remanded by the supreme court, upon the reversal, with an order for a venire de novo, remained pending in the

circuit court, in Alexandria, District of Columbia, until the 6th of November, 1829, when a verdict and judgment were rendered for the defendant, Bank of Washington. [Case No. 14,178.] After the judgment in the case of Bank of Washington v. Bank of U. S. [Id. 947] was reversed, the present action of the Bank of Washington v. Christopher Neale was commenced, on the 24th of March, 1832; to which the defendant pleaded the statute of limitations, more than three years having elapsed since the reversal of the original judgment in January, 1828, but not since the final action of this court, upon the mandate of the supreme court, in that original action; which was on the 6th of November, 1829, as before stated.

Mr. Jones, for the defendant, contended that the plaintiff's cause of action accrued in 1828, when the original judgment was reversed; and that the plaintiffs were under no obligation to wait the issue of the subsequent proceedings upon the venire de novo, in the original action. He cited Wilcox v. Plummer, 4 Pet. [29 U. S.] 182.

Mr. Key and Mr. Dunlop, contra, contended that, as the supreme court, upon the reversal of the original judgment, awarded a venire de novo, the plaintiffs could not ascertain how much they had lost, and to which they ought, in equity, to be restored, until final judgment in the original action. Until that time, they could only recover nominal damages. They cited Clark v. Pinney, 6 Cow. 297; Green v. Stone, 1 Har. & J. 405; Isom v. Johns, 2 Munf. 272; Id. 413; and Till. Lim. 86, note.

THE COURT (THRUSTON, Circuit Judge, doubting) instructed the jury (upon the prayer of the defendant's counsel) that the plaintiffs' cause of action accrued upon the reversal of the original judgment, in 1828, and therefore more than three years before the commencement of the present action.

Verdict for defendant.